UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80050-CR-CANNON/REINHART

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MONFORT DESIR,

    Defendant.
    _____/

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD VARIANCE**

The Defendant, Monfort Desir, through counsel, files the following objections to the Presentence Investigation report ("PSI") in this case and moves for a downward variance. In support thereof, the Defendant states the following:

*I.  The Defendant objects to the use of the 2008 and 2013 Florida cocaine convictions as predicates for enhancement under U.S.S.G. § 4B1.1 as the statutes of conviction are categorically overbroad.*

The Defendant objects to the use of his possession of cocaine with intent to sell convictions as "controlled substance offenses" because, at the time of his convictions, Florida criminalized a broader definition of cocaine than the federal government now does. Specifically, Florida criminalized drug trafficking conduct involving a derivative of cocaine called Ioflupane I123, which the federal

1

government previously exempted from its drug schedules in 2015. Schedules of Controlled Substances: Removal of [123 I] Ioflupane from Schedule II of the Controlled Substances Act, 80 Fed. Reg. 54,715 (Sept. 11, 2015). Florida's exemption of Ioflupane did not take effect until July, 2017. Fla. Stat. § 893.03(2)(a)(4) (eff. July 2017). Thus, at the time of his cocaine convictions in 2008 and 2013, the Florida drug statute was categorically broader than the federal controlled substances schedules, as it included conduct the federal schedules do not.

It must be noted that in *United States v. Jackson,* 55 F.4th 846 (11th Cir. Dec. 13, 2022), the Eleventh Circuit ruled that the inclusion of Ioflupane in the prior Florida definition of cocaine did not render the prior Florida cocaine conviction categorically overbroad for purposes of the armed career criminal act, because the sentencing court must use the definitions in place in the controlled substance act at the time of the prior conviction, and not at the time of the federal sentencing for the instant offense. This created a circuit conflict that remains pending.[1] The *Jackson* decision is now pending review by the Supreme Court in case no. 22-6640.

---

1 Four circuits have ruled the opposite of *Jackson,* providing that the sentencing court must look at the federal controlled-substances schedules in effect at the time of the federal firearm offense in ACCA cases. *See, United States v. Brown,* 47 F.4th 147, 154-55 (3rd Cir. 2022); *United States v. Hope,* 28 F.4th 487, 504-05 (4th Cir. 2022); *United States v. Perez,* 46 F.4th 691, 699-700 (8th Cir. 2022); *United States v. Williams,* 48 F.4th 1125, 1142-43 (10th Cir. 2022).

However, the *Jackson* ruling was an ACCA case, and not a career offender case. The opinion in *Jackson* did not rule on the effect of the overbroad Florida drug statutes in the context of the Sentencing Guidelines. The Court in *Jackson* explicitly differentiated the ACCA claim at issue in that case from the kind of Guidelines claim that is at issue herein. *Jackson*, 55 F.4th 846 (11th Cir. Dec. 13, 2022) at FN 7 (recognizing that "longstanding principles of statutory interpretation allow different results under the Guidelines as opposed to under the ACCA," and specifically "express[ing] no opinion about the correctness of" sister circuits' Guideline rulings) (internal citations omitted). Unlike the decision in *Jackson*, the Guidelines require the court to look at the prior offenses at the time of the sentencing.[2]

As noted previously herein, two other Circuits have considered this issue of the disparity between prior and present Controlled Substance Acts in the context of marijuana offenses under the Guidelines. *See United States v. Abdulaziz,* 998 F.3d 519, 523–24 (1st Cir. 2021) (finding, after 2018 Farm Bill, that prior Massachusetts marijuana offense, presumably for hemp, was not a "controlled

---

2 The Supreme Court, in *McNeil v. United States*, 563 U.S. 816 (2011), reasoned that the ACCA's use of term "previous convictions" required a "backward-looking" inquiry, and showed that the "ACCA is concerned with convictions that have already occurred." *Id*. at 819-20. As a result, "[i]t cannot be correct that subsequent changes in state law can erase an earlier conviction for ACCA purposes." *Id*. at 823. The Supreme Court thus ultimately held that "the ACCA requires a federal sentencing court to consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense." *Id*. at 820. This was the basis for the ruling in *Jackson*.

substance offense"); *United States v. Bautista*, 989 F.3d 698, 702 (9th Cir. 2021 (finding, after 2018 Farm Bill, that prior Arizona marijuana offense, presumably for hemp, was not a "controlled substance offense"). Both of those cases have striking similarities to the issue in this case (albeit with respect to marijuana rather than cocaine). In both cases the prior overbroad drug conviction could not be used as a prior controlled substances conviction under the Guidelines.

Under the categorical approach, this Court must assume that the Defendant's prior cocaine offenses involved the least culpable substance encompassed by that "controlled substance" element. Here, that is ioflupane I123, and because ioflupan I123 is not a "controlled substance" under federal law, the prior offense did not necessarily entail the conduct set out in the Guidelines "controlled substance" definition. The Defendant's prior cocaine offenses are therefore, categorically overbroad, and do not qualify under the Guidelines.

## II. *The Defendant moves for a downward variance.*

The PSI provides that the Defendant qualifies for an enhanced sentence under U.S.S.G. § 4B1.1 as a "career offender." [PSI at ¶ 32]. This results in the Defendant automatically being treated as if amongst the most recidivist of all offenders, with the maximum criminal history category of VI. [PSI at ¶51]. The enhancement also causes the Defendant's offense level to move into a level comparable to some of the most serious offense conduct, at level 32. [PSI at ¶ 32].

As such, the Defendant's recommended sentence under the Guidelines greatly over-represents his criminal history and the nature of the offense.

The PSI sets forth two "qualifying" offenses for purposes of § 4B1.1, neither of which involve violence or large quantities of narcotics. The two allegedly qualifying offenses are: a 2013 sale or delivery of cocaine conviction (PSI at ¶48), and a 2008 sale of cocaine conviction (PSI at ¶ 46). The 2008 conviction involved 20 worth of cocaine.  The 2013 conviction involved $100 worth of crack cocaine. Absent the 4B1.1 enhancement, the Defendant's six criminal history points would have otherwise resulted in a criminal history category of III. [PSI at ¶ 51].

Moreover, the instant offense involved a total of 10.894 grams of fentanyl (the Government conceded at Mr. Desir's detention hearing that there is no evidence that he was involved in the drug overdose referred to in paragraph 4 of the PSI).  The PSI recognizes in paragraph 26 that, **but for the career offender enhancement, the base offense level would be a 16, and with a 3 level reduction for acceptance of responsibility along with his unenhanced criminal history category III, the advisory imprisonment range would be 18 to 24 months.**

Mr. Desir is not a drug importer, wholesaler, or large-scale distributor.  He is a very low-level figure in the billion dollar drug trade.  He and his mother struggled as he grew up. He turned to alcohol to help deal with his struggles.  His sisters, from whom the Court will hear, are very supportive and wish he had come

to them for financial help. Their support, along with alcohol-abuse counseling, will go a long way to prevent recidivism by Mr. Desir.

For all the above reasons, the Defendant requests a sentence that is more in line with the unenhanced advisory imprisonment range. Such a sentence would be sufficient but not greater than necessary to fulfill the sentencing goals of 18 U.S.C. §3553(a).

WHEREFORE, the Defendant files the above objections to the PSI and moves for a downward variance.

                                           Respectfully submitted,

                                           MICHAEL CARUSO
                                           FEDERAL PUBLIC DEFENDER

By:    s/Robert E. Adler
        Assistant Federal Public Defender
        Florida Bar No. 259942
        250 S. Australian Ave., Suite 400
        West Palm Beach, Florida 33401
        Tel: 561-833-6288
        E-Mail: Robert_Adler@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/  *Robert E. Adler* AFPD